# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN A. PEÑA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3554 |
| | § | |
| JIM LEWIS *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court are nine motions to dismiss plaintiff Juan A. Peña's complaint (Dkt. 1) by defendants Jim Lewis, Adam Gonzalez, Merv Lauer, and Piping Technology & Products Inc. ("Piping Tech") (collectively, "Defendants"). Dkts. 10–15, 27, 28, 29. These motions include each defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) (Dkts. 10–12, 29); Lewis, Gonzalez, and Lauer's motions to dismiss for failure to properly plead under Rule 9(b) (Dkts. 13–15); Piping Tech's motion to dismiss for lack of personal and subject matter jurisdiction (Dkt. 27); and Piping Tech's motion to dismiss for failure to timely serve (Dkt. 28). The response deadlines for all motions—some of which have been pending since May of 2019—have passed and Peña has failed to respond to any of the motions. All nine motions to dismiss are ripe for consideration.

Having considered the complaint, the motions, and the applicable law, the court finds that Lewis, Gonzalez, and Lauer's motions to dismiss for failure to state a claim under Rule 12(b)(6) (Dkts. 10–12), and Piping Tech's motion to dismiss for lack of jurisdiction (Dkt. 27)

should be **GRANTED**. The remaining motions (Dkts. 13–15, 28, 29) should be **DENIED** as moot. Because Peña is proceeding pro se, the court will afford him 21 days from the date of this order to file an amended complaint stating a claim against Defendants. If he fails to do so, this case will be dismissed with prejudice for want of prosecution.

**I. BACKGROUND**

Plaintiff Juan Peña, proceeding pro se, commenced this employment discrimination action against Lewis, Gonzalez, and Lauer (the "individual defendants") on September 25, 2018, alleging that the individual defendants failed to promote him. Dkt. 1 at 2. In his complaint, Peña failed to check any of the five protected class boxes on which his discrimination claim is purportedly based. *Id.* Peña did not serve Lewis, Gonzalez, or Lauer until April 16, 2019 (Dkts. 7–9), following an order from this court (Dkt. 6). On May 1, 2019, the individual defendants—all represented by the same counsel—each filed a motion to dismiss for failure to state a claim and a motion to dismiss for failure to properly plead. Dkts. 10–15.[1] On May 30, 2019, Magistrate Judge Johnson ordered Peña to file his EEOC Title VII complaint and right to sue letter with the clerk's office and to serve defendants' counsel. Dkt. 22. Judge Johnson also granted Peña's oral motion for leave to amend to add Piping Tech as a defendant. *Id.*

---

[1] In the interest of efficiency, the motions to dismiss for failure to properly plead could have (and should have) been joined with the motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule.").

On October 3, 2019, Peña requested "a little more time to look around" for a lawyer. Dkt. 25. On November 7, 2019, Piping Tech was served (Dkt. 26), yet Peña never amended his complaint. On November 20, 2019, Piping Tech filed a motion to dismiss for lack of jurisdiction. Dkt. 27. On December 13, 2019, Piping Tech filed an additional motion to dismiss for failure to timely serve. Dkt. 28.[2] And on January 6, 2020, Piping Tech filed a third motion to dismiss for failure to state a claim. Dkt. 29.[3] On January 7, 2020, more than three months after Peña's request for more time to find an attorney and still without an appearance of counsel, Magistrate Judge Johnson afforded Peña an additional two weeks to hire counsel, setting the response deadline for all of the pending motions to dismiss as January 31, 2020. Dkt. 30. On January 22, 2020, Peña requested "3 to 6 months more" to find counsel. Dkt. 31. Magistrate Judge Johnson denied this request on January 29, 2020, reiterating that Peña's responses to the pending motions to dismiss were due on January 31, 2020. Dkt. 34. The response deadline has passed and Peña has not responded to any of the nine pending motions to dismiss.

---

[2] Because the court is granting Piping Tech's motion to dismiss for lack of jurisdiction (Dkt. 27), its motion to dismiss for failure to timely serve (Dkt. 28) will be denied as moot. However, because the defense of failure to timely serve was available to Piping Tech at the time that it filed its first motion to dismiss, it was procedurally barred from bringing its second motion to dismiss for failure to timely serve. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

[3] Because the court is granting Piping Tech's motion to dismiss for lack of jurisdiction (Dkt. 27), its motion to dismiss for failure to state a claim (Dkt. 29) will be denied as moot. However, Piping Tech could and should have raised this defense in its first motion to dismiss. *See supra* nn.1 & 2.

## II. LEGAL STANDARD

### A. Jurisdiction

Courts must consider jurisdictional attacks before attacks on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "Failure to name a party denies a court jurisdiction over that party." *Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000). A plaintiff "can assert his claims only against parties specifically named in his complaint. He cannot recover against unnamed parties." *Breaux v. Tri Star Freight Sys., Inc.*, No. CV H-16-846, 2016 WL 6581929, at *2 (S.D. Tex. Nov. 7, 2016) (Rosenthal, J.).

### B. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). At the pleading stage, the court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).

### III. ANALYSIS

**A.     Piping Tech's Motion to Dismiss for Lack of Jurisdiction**

Despite being granted leave to amend to add a proper party, Peña never amended his complaint to name Piping Tech as a defendant or to state any claim against Piping Tech. For this reason, Piping Tech argues that the court lacks jurisdiction over it. The court agrees. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "Failure to name a party denies a court jurisdiction over that party." *Loa-Herrera*, 231 F.3d at 991. Thus, Piping Tech's motion to dismiss for lack of jurisdiction (Dkt. 27) should be granted.

**B.     The Individual Defendants' Motions to Dismiss for Failure to State a Claim**

According to Peña's complaint, he is alleging employment discrimination in the form of failure to promote. Dkt. 1 at 2 (checking the "failed to promote the plaintiff" box). However, the allegations of the complaint show that Peña is actually complaining that he never received a raise.[4] Title VII outlaws employment discrimination based on certain protected classes: "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "To establish a prima facie case of discrimination based on a denial of a raise, a plaintiff 'must show that similarly situated employees who were not in the protected class received raises during the same period.'" *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 747 (N.D. Miss. 2015) (quoting *Vital v. Nat'l Oilwell Varco*, No. H–12–1357, 2014 WL 4983485, at *20 (S.D. Tex. Sep. 30, 2014) (Rosenthal, J.)). "Within the context of pay

---

[4] Although the word "raise" never appears in Peña's complaint, the court construes Peña's use of the word "race" to mean "raise." *See, e.g.*, Dkt. 1 at 2 ("Never got a race."), 6 ("Starded [sic] discriminated [sic] me when I ask for race."), 7 ("would have to give a 2 dollar race").

increases, a plaintiff 'must show that [his] circumstances are nearly identical to those of a better-paid employee who is not a member of the protected class.'" *Id.* (quoting *Goring v. Bd. of Sup'rs of La. State Univ.*, 932 F. Supp. 2d 642, 651 (M.D. La. 2010)).

Here, Peña's complaint fails at the first step because he never states that he is a member of a protected class. Dkt. 1 at 2. Although the form complaint that Peña used to institute this suit afforded him five protected class boxes to check, he selected none of them. *Id.* The word "race" appears throughout Peña's complaint; however, based on the context in which it is used, the court construes this word to be a misspelling of the word "raise," not an indication that Peña is claiming race discrimination. *See supra* note 4. Without this first element, there can be no discrimination claim. *See, e.g.*, 42 U.S.C. § 2000e-2(a)(1).

Failure as to the first element is enough for the court to grant the individual defendants' motions to dismiss. *Stockstill*, 561 F.3d at 384 (holding that "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief"). However, the complaint fails as to the other elements as well. Peña's only allegation about other employees is that "a lot of empolee [sic] getting more money, not me." Dkt. 1 at 6. Yet Peña never states whether these other employees are identical in circumstance to him. Moreover, it is impossible to discern whether these other employees are members of his protected class, because he has not alleged that he is a member of a protected class. Accordingly, the individual defendants' motions to dismiss for failure to state a claim (Dkts. 10–12) should be granted.[5]

---

[5] Because the court is granting the individual defendants' motions to dismiss for failure to state a claim (Dkts. 10–12), their motions to dismiss for failure to properly plead (Dkts. 13–15) are moot. However, these motions—which are brought under Rule 9(b)—are just restyled motions to

## IV. Conclusion

For the reasons state above, Lewis, Gonzalez, and Lauer's motions to dismiss for failure to state a claim (Dkts. 10–12) are **GRANTED** and the claims against them are **DISMISSED** without prejudice. Piping Tech's motion to dismiss for lack of jurisdiction (Dkt. 27) is also **GRANTED** and the claims against it are **DISMISSED** without prejudice. The remaining motions (Dkts. 13–15, 28, 29) are **DENIED** as moot.

Because Peña is proceeding pro se, the court will afford him 21 days from the date of this order to file an amended complaint stating a claim against Defendants. If he fails to do so, this case will be dismissed with prejudice for want of prosecution.

Signed at Houston, Texas, on February 12, 2020.

_____
Gray H. Miller
Senior United States District Judge

---

dismiss for failure to state a claim. Contrary to defendants' assertion, Rule 9(b) does not require the circumstances constituting discrimination to be pleaded with particularity (*see, e.g.*, Dkt. 13 ¶ 10), and all of the cases that defendants cite in support of that assertion are fraud cases, not employment discrimination cases. *See U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40 (1st Cir. 2009) (False Claims Act case); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) (securities fraud); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 773 (7th Cir. 1994) (RICO). Counsel are reminded of their obligation to refrain from filing frivolous pleadings. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.01.